UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ASHOOR RASHO,
   Plaintiff,

vs.                                               No. 10-1108

MICHAEL RANDLE, et. al,
   Defendants

MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the court for case management. The plaintiff has filed a motion for leave to file an amended complaint. [d/e 7] Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a party "may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15 (a)(1)(A). The motion is granted. The plaintiff has attached his proposed amended complaint to his motion and the clerk will be directed to file this complaint.

     The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff has filed his amended complaint against 13 defendants at Pontiac Correctional Center including: Illinois Department of Corrections Director Michael Randle, Randle's designee, Administrative Review Board Member Sarah Johnson, Warden Guy Pierce, Assistant Warden Joseph Mathy, Assistant Warden Marcus Hardy, Medical Director Sylvia Mahone, Health Care Unit Administrator Ester Martin, Medical Technician Richard Cation, Medical Technician John Birkle, Counselor Hastiwgs and Counselor S. Simpson. The clerk will be directed to add the one additional defendant in the amended complaint: Randle's designee.

     The plaintiff says on April 14, 2008; April 18, 2008; April 30, 2008 and May 12, 2008, he sent letters to Medical Director Sylvia Mahone complaining that Medical Technicians Cation and Birkle were denying him medical treatment.[1] The plaintiff said he needed hemorrhoid cream and Tylenol for the pain he was experiencing. The plaintiff says he also suffers from a

---

[1] The plaintiff also says he sent letters to the U.S. District Court concerning the lack of care in December of 2009 and January of 2010. The court notes that these letters are not relevant to the plaintiff's claims.

1

digestive disorder that makes it difficult for him to keep food down.

The plaintiff says he received no response, so he filed two emergency grievances concerning the denial of medical care for hemorrhoids and his digestive disorder. The plaintiff claims the other named defendants denied his grievances without investigating his claims.

The plaintiff says he has suffered pain as a result of the repeated delays in his medical care and claims the defendants have violated his constitutional rights. For the purposes of notice pleading, the plaintiff has adequately alleged that the defendants violated his Eighth Amendment rights. Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v Gamble,* 429 U.S. 97, 104-5 (1976). A serious medical need may be a condition that a doctor has recognized as needing treatment or one for which the need for treatment would be obvious to a lay person. *Johnson v. Snyder,* 444F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it "significantly affects an individual's daily activities," *Chance v. Armstrong,* 143 F.3d 698, 701 (2nd Cir. 1998), if it causes pain, *Cooper v Casey,* 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects a prisoner to a substantial risk of serious harm. *Farmer v Brennan,* 511 U.S. 825 (1994).

Deliberate indifference occurs when prison officials knows of and disregards an excessive risk to inmate health and safety. *Farmer,* 511 U.S. at 837. Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v Peters,* 97 F.3d 987, 922 (7th Cir. 1996); *Snipes v DeTella,* 95 F.3d 586, 590-91 (7th Cir. 1990). Therefore, disagreement with a doctor's judgement, incorrect or improper treatment resulting from negligence is insufficient to state an Eighth Amendment claim. *Guieterrez v Peters,* 111 F.3d 1364, 1374 (7th Cir. 1997).

It is not clear based on the plaintiff's complaint whether he suffered from a serious medical condition, but this is not an issue for screening. The plaintiff also claims his Fourteenth Amendment rights have been violated, but has failed to articulate a this violation.

The plaintiff has filed a motion for appointment of counsel. [d/e 3] In considering the plaintiff's motion: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The plaintiff says he is in segregation and has limited access to legal materials and he does not believe he can adequately represent himself. The plaintiff has attached some documentation to his motion that he claims demonstrates he cannot read or write well, but the court cannot interpret the document presented. In addition, the document appears to be related to testing given in 1995. (Mot, p. 4). The plaintiff has also included a psychological test from 1999 that indicates the plaintiff is having troubles understanding what is going on around him. (Mot, p. 5-6). However, the court notes that in documents the plaintiff has previously submitted to the

court, a notation states that the plaintiff's condition has been reviewed in December of 2009 and he continues to receive regular psychiatric clinic visits, but "he does not currently meet the criteria for placement in the Pontiac Mental Health Unit." (Com., p 147)

The plaintiff's current submissions to the court are to the point and easy to understand. More importantly, the plaintiff has not demonstrated that he has made any attempt to obtain counsel on his own. The motion is denied.

Finally, the court notes that the plaintiff has filed two requests for admission with the court. [d/e 8,9]. The plaintiff is asking to file documents with the court in support of his claims. The motions are denied. The plaintiff should only provide documents in support of a motion or in response to a motion. There are no pending motions at this time.

**IT IS THEREFORE ORDERED:**

**1) The plaintiff's motion for leave to file an amended complaint is granted. [d/e 7] The clerk is directed to file the attached amended complaint and add the one new John Doe defendant: Director Randle's Designee**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: the defendants were deliberately indifferent to the plaintiff's serious medical conditions. The claim is stated against the defendants in their individual capacities only.**

**3) All other claims based on federal law, other than those set forth in paragraph two above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4) This case shall proceed solely on those federal claims identified in paragraph two above. Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**8) The plaintiff's motion for appointment of counsel is denied. [d/e 3]**

**9) The plaintiff's request to submit documents is denied. [d/e 8, 9]**

**10) The court notes that the plaintiff has not given the name for one defendant: Randle's designee. The plaintiff must identify the name and work address of this individual in order to effect service on him. The Marshals cannot serve unidentified defendants. If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have appeared, or, if those defendants do not provide an answer, a motion to compel with the court. Failure to timely identify and serve this defendant will result in his dismissal from the case.** *See* **Fed. R. Civ. Proc. 4(m).**

Entered this 18th Day of October, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE